UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE LEROI COMER, | 1:12-CV-01819 BAM HC |
| Petitioner, | ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS |
| v. | ORDER DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE CASE |
| RALPH DIAZ, Warden, | |
| Respondent. | ORDER DECLINING ISSUANCE OF CERTIFICATE OF APPEALABILITY |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent Ralph Diaz[1], Warden of California Substance Abuse Treatment Facility and State Prison, is the Respondent in this matter. The parties have consented to the jurisdiction of the Magistrate Judge pursuant to 28 U.S.C. § 636(c).

**PROCEDURAL BACKGROUND**[2]

Petitioner is currently in the custody of the California Department of Corrections and Rehabilitation pursuant to a judgment of the Superior Court of California, County of Kern, following his conviction by guilty plea on August 29, 2011, to one count of assault with a deadly weapon (Cal. Penal Code § 245(a)(1)). Petitioner also admitted the "strike" allegation that he

---

[1] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Ralph Diaz, Warden of California Substance Abuse Treatment Facility and State Prison, is hereby substituted as Respondent.

[2] This information is derived from the petition for writ of habeas corpus, Respondent's answer to the petition, and the state court record lodged with the answer.

1

1  had previously been convicted of a serious and/or violent felony (Cal. Penal Code § 667.5(c)-(j)).
2  On September 27, 2011, he was sentenced to serve a term of two years, doubled to four because
3  of the "strike."
4       Petitioner timely filed a notice of appeal in the California Court of Appeal, Fifth
5  Appellate District ("Fifth DCA").  On November 16, 2012, the Fifth DCA affirmed the
6  judgment.
7       On February 17, 2012, Petitioner filed a petition for writ of habeas corpus also in the
8  Fifth DCA.  On April 19, 2012, the petition was denied.  On June 15, 2012, Petitioner filed
9  another habeas petition in the Fifth DCA.  The petition was denied on June 20, 2012.  On
10 July 11, 2012, Petitioner filed a habeas petition in the California Supreme Court.  On October 17,
11 2012, the petition was denied.
12      On October 31, 2012, Petitioner filed the instant federal habeas petition in this Court.
13 Petitioner presents one ground of ineffective assistance of counsel, claiming that defense counsel
14 advised him the trial court would exercise its discretion to strike his prior conviction, but the trial
15 court did not do so.  On February 14, 2013, Respondent filed an answer to the petition.
16 Petitioner did not file a traverse.

## STATEMENT OF FACTS[3]

On August 12, 2011, police officers were dispatched regarding a report of someone being stabbed.  Upon arriving at the scene, medical personnel were already treating one of the victims, Leroy Jones, who was later transported to the hospital.  Officers spoke to a witness who stated she had seen Petitioner and Jones fighting inside a vehicle.  Petitioner started yelling, "I'm gonna fucking kill you," and then started stabbing Jones.  As Petitioner was stabbing Jones, bystander Jaime Garcia ran to the side of the vehicle and told Petitioner to stop stabbing Jones.  Petitioner then turned on Garcia and said, "Fuck you, I'll stab you too," whereupon Petitioner exited the vehicle.  Once Petitioner exited the vehicle, Jones escaped through the driver's side.  Petitioner then re-entered the vehicle and fled the scene.

---

[3] The Fifth DCA did not supply a summary of facts in its November 16, 2012, opinion.  This factual summary is derived from the facts set forth in the probation officer's report. (Lodged Doc. 35-41.)

Jones sustained multiple lacerations to his chest and a puncture wound to his left forearm. Petitioner was later apprehended by police.

**DISCUSSION**

I.  Jurisdiction

Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to the judgment of a state court if the custody is in violation of the Constitution or laws or treaties of the United States.  28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams v. Taylor, 529 U.S. 362, 375 (2000).  Petitioner asserts that he suffered violations of his rights as guaranteed by the U.S. Constitution.  The challenged conviction arises out of Kern County Superior Court, which is located within the jurisdiction of this Court.  28 U.S.C. § 2254(a); 28 U.S.C. § 2241(d).

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment.  Lindh v. Murphy, 521 U.S. 320 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc).  The instant petition was filed after the enactment of the AEDPA and is therefore governed by its provisions.

II.  Standard of Review

Under the AEDPA, relitigation of any claim adjudicated on the merits in state court is barred unless a petitioner can show that the state court's adjudication of his claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); Harrington v. Richter, __ U.S. __, __, 131 S.Ct 770, 784, 178 L.Ed.2d 624 (2011); Lockyer v. Andrade, 538 U.S. 63, 70-71 (2003); Williams, 529 U.S. at 413.

As a threshold matter, this Court must "first decide what constitutes 'clearly established Federal law, as determined by the Supreme Court of the United States.'"  Lockyer, 538 U.S. at 71 (quoting 28 U.S.C. § 2254(d)(1)).  In ascertaining what is "clearly established Federal law," this

1   Court must look to the "holdings, as opposed to the dicta, of [the Supreme Court's] decisions as
2   of the time of the relevant state-court decision." Williams, 592 U.S. at 412. "In other words,
3   'clearly established Federal law' under § 2254(d)(1) is the governing legal principle or principles
4   set forth by the Supreme Court at the time the state court renders its decision." Id. In addition,
5   the Supreme Court decision must "'squarely address [] the issue in th[e] case' or establish a legal
6   principle that 'clearly extend[s]' to a new context to the extent required by the Supreme Court in
7   . . . recent decisions"; otherwise, there is no clearly established Federal law for purposes of
8   review under AEDPA. Moses v. Payne, 555 F.3d 742, 754 (9th Cir.2009) (quoting Wright v. Van
9   Patten, 552 U.S. 120, 125 (2008)); Panetti v. Quarterman, 551 U.S. 930 (2007); Carey v.
10  Musladin, 549 U.S. 70 (2006). If no clearly established Federal law exists, the inquiry is at an
11  end and the Court must defer to the state court's decision. Carey, 549 U.S. 70; Wright, 552 U.S.
12  at 126; Moses, 555 F.3d at 760.

13   If the Court determines there is governing clearly established Federal law, the Court must
14  then consider whether the state court's decision was "contrary to, or involved an unreasonable
15  application of," [the] clearly established Federal law." Lockyer, 538 U.S. at 72 (quoting 28
16  U.S.C. § 2254(d)(1)). "Under the 'contrary to' clause, a federal habeas court may grant the writ
17  if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a
18  question of law or if the state court decides a case differently than [the] Court has on a set of
19  materially indistinguishable facts." Williams, 529 U.S. at 412-13; see also Lockyer, 538 U.S. at
20  72. "The word 'contrary' is commonly understood to mean 'diametrically different,' 'opposite in
21  character or nature,' or 'mutually opposed.'" Williams, 529 U.S. at 405 (quoting Webster's Third
22  New International Dictionary 495 (1976)). "A state-court decision will certainly be contrary to
23  [Supreme Court] clearly established precedent if the state court applies a rule that contradicts the
24  governing law set forth in [Supreme Court] cases." Id. If the state court decision is "contrary to"
25  clearly established Supreme Court precedent, the state decision is reviewed under the pre-
26  AEDPA de novo standard. Frantz v. Hazey, 533 F.3d 724, 735 (9th Cir.2008) (en banc).

27   "Under the 'reasonable application clause,' a federal habeas court may grant the writ if
28  the state court identifies the correct governing legal principle from [the] Court's decisions but

unreasonably applies that principle to the facts of the prisoner's case." Williams, 529 U.S. at 413. "[A] federal court may not issue the writ simply because the court concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must also be unreasonable." Id. at 411; see also Lockyer, 538 U.S. at 75-76.  The writ may issue only "where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [the Supreme Court's] precedents." Harrington, 131 S.Ct. at 784.  In other words, so long as fairminded jurists could disagree on the correctness of the state court's decision, the decision cannot be considered unreasonable. Id.  If the Court determines that the state court decision is objectively unreasonable, and the error is not structural, habeas relief is nonetheless unavailable unless the error had a substantial and injurious effect on the verdict. Brecht v. Abrahamson, 507 U.S. 619, 637 (1993).

Petitioner has the burden of establishing that the decision of the state court is contrary to or involved an unreasonable application of United States Supreme Court precedent. Baylor v. Estelle, 94 F.3d 1321, 1325 (9th Cir. 1996).  Although only Supreme Court law is binding on the states, Ninth Circuit precedent remains relevant persuasive authority in determining whether a state court decision is objectively unreasonable. See LaJoie v. Thompson, 217 F.3d 663, 669 (9th Cir.2000); Duhaime v. Ducharme, 200 F.3d 597, 600-01 (9th Cir.1999).

AEDPA requires considerable deference to the state courts.  "[R]eview under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits," and "evidence introduced in federal court has no bearing on 2254(d)(1) review." Cullen v. Pinholster, __ U.S. __, __, 131 S.Ct. 1388, 1398-99 (2011).  "Factual determinations by state courts are presumed correct absent clear and convincing evidence to the contrary." Miller-El v. Cockrell, 537 U.S. 322, 340 (2003) (citing 28 U.S.C. § 2254(e)(1)).  However, a state court factual finding is not entitled to deference if the relevant state court record is unavailable for the federal court to review. Townsend v. Sain, 372 U.S. 293, 319 (1963), *overruled by,* Keeney v. Tamayo-Reyes, 504 U.S. 1 (1992).

1  II.   Review of Claim
2        A.   Ineffective Assistance of Counsel
3        Under California's Three Strikes Law, when it is proven that a defendant has sustained
4  one prior serious and/or violent felony conviction as defined by statute, the prison sentence for
5  the current felony conviction must be doubled. Cal. Penal Code § 667(e)(1). Nevertheless, the
6  trial court retains discretion to strike the prior conviction for sentencing purposes. People v.
7  Superior Court (Romero), 13 Cal.4th 497, 504 (1996). In this case, Petitioner claims his trial
8  counsel advised him that the court would strike his prior conviction, but the court did not.
9  Therefore, Petitioner claims defense counsel rendered constitutionally ineffective assistance.
10       This claim was presented by habeas petition to the Fifth DCA on June 15, 2012. The
11 petition was denied without prejudice to refiling in the superior court. Petitioner then raised the
12 claim to the California Supreme Court. The petition was denied on procedural grounds with
13 citation to People v. Duvall, 9 Cal.4th 464, 474 (1995), In re Dixon, 41 Cal.2d 756, 759 (1953),
14 and In re Swain, 34 Cal.2d 300, 304 (1949).
15       Respondent does not allege a procedural bar to federal review, relying instead on
16 asserting that the claim is plainly without merit. The Court will do the same. Bell v. Cone, 543
17 U.S. 447, 451, 451 n.3 (2005) (declining to address whether court correctly held the petitioner
18 had defaulted on his claim); Franklin v. Johnson, 290 F.3d 1223, 1232 (9th Cir.2002) ("[C]ourts
19 are empowered to, and in some cases should, reach the merits of habeas petitions if they are, on
20 their face and without regard to any facts that could be developed below, clearly not meritorious
21 despite an asserted procedural bar.").
22       The law governing ineffective assistance of counsel claims is clearly established. Canales
23 v. Roe, 151 F.3d 1226, 1229 (9th Cir. 1998.) In a petition for writ of habeas corpus alleging
24 ineffective assistance of counsel, the court must consider two factors. Harrington v. Richter,
25 *supra*, 131 S.Ct. at 787; Strickland v. Washington, 466 U.S. 668, 687 (1984); Lowry v. Lewis, 21
26 F.3d 344, 346 (9th Cir. 1994). First, the petitioner must show that counsel's performance was
27 deficient, requiring a showing that counsel made errors so serious that he or she was not
28 functioning as the "counsel" guaranteed by the Sixth Amendment. Strickland, 466 U.S. at 687.

1  The petitioner must show that "counsel's representation fell below an objective standard of
2  reasonableness," and must identify counsel's alleged acts or omissions that were not the result of
3  reasonable professional judgment considering the circumstances. Harrington, 131 S.Ct. at 787,
4  (citing Strickland, 466 U.S. at 688); United States v. Quintero-Barraza, 78 F.3d 1344, 1348 (9th
5  Cir. 1995). Petitioner must show that counsel's errors were so egregious as to deprive defendant
6  of a fair trial, one whose result is reliable. Strickland, 466 U.S. at 688. Judicial scrutiny of
7  counsel's performance is highly deferential. A court indulges a "'strong presumption' that
8  counsel's representation was within the 'wide range' of reasonable professional assistance."
9  Harrington, 131 S.Ct. at 787 (quoting Strickland, 466 U.S. at 687); Sanders v. Ratelle, 21 F.3d
10 1446, 1456 (9th Cir.1994).

11         Second, the petitioner must demonstrate prejudice, that is, he must show that "there is a
12 reasonable probability that, but for counsel's unprofessional errors, the result ... would have been
13 different," Strickland, 466 U.S. at 694. "It is not enough 'to show that the errors had some
14 conceivable effect on the outcome of the proceeding.'" Harrington, 131 S.Ct. at 787 (quoting
15 Strickland, 466 U.S. at 693). "Counsel's errors must be 'so serious as to deprive the defendant of
16 a fair trial, a trial whose result is reliable.'" Harrington, 131 S.Ct. at 787-788 (quoting Strickland,
17 466 U.S. at 687). A court need not determine whether counsel's performance was deficient
18 before examining the prejudice suffered by the petitioner as a result of the alleged deficiencies.
19 Strickland, 466 U.S. at 697. Since the defendant must affirmatively prove prejudice, any
20 deficiency that does not result in prejudice must necessarily fail.

21         Establishing that a state court's application of Strickland was unreasonable under 28
22 U.S.C. § 2254(d) is very difficult. Harrington, 131 S.Ct. at 788. Since the standards created by
23 Strickland and § 2254(d) are both 'highly deferential,' when the two are applied in tandem,
24 review is 'doubly' so. Harrington, 131 S.Ct. at 788 (quoting Knowles v. Mirzayance, 556 U.S.
25 111, 123 (2009)).

26         In this case, the following plea colloquy occurred:

27         THE COURT: It's my understanding Mr. Comer is prepared to enter a guilty or no
           contest plea to count one, a violation of Penal Code section 245(a)(1), that is assault with
28         a deadly weapon, he is prepared to admit one strike, the 1978 robbery.

> In return for that plea and admission, it's understood he would receive the low term of two years, times two because of the strike, for four years. But because that is a violent offense, it could be at 80 percent. The defense will be arguing for a Romero to strike the strike at the time of sentencing.
>
> Mr. Richard, is that your understanding?
>
> MR. RICHARD: Correct, your Honor.
>
> THE COURT: Mr. McNutt, is that the People's understanding?
>
> MR. McNUTT: Yes, your Honor.
>
> THE COURT: Mr. Comer, is that your understanding?
>
> THE DEFENDANT: Yes, your Honor.
>
> THE COURT: Mr. Comer, I'm holding a form called Waiver of Rights; did you go over these rights with your attorney?
>
> THE DEFENDANT: Yes, I did.
>
> THE COURT: Do you understand these rights?
>
> THE DEFENDANT: Yes, I do.
>
> THE COURT: By signing and initialing this form, do you give up these rights?
>
> THE DEFENDANT: Yes, I do, your Honor.
>
> THE COURT: *Has anyone promised you anything, other than what we've placed here on the record today, to get you to enter the plea*?
>
> THE DEFENDANT: *No, your Honor.*
>
> THE COURT: Are you entering your plea freely and voluntarily?
>
> THE DEFENDANT: Yes, your Honor.
>
> THE COURT: Have you had enough time to talk to your attorney about your case?
>
> THE DEFENDANT: Yes, I have, your Honor.

(RT[4] 2-3 (emphasis added).)

Respondent argues that Petitioner's argument is belied by the record, and in any case, Petitioner cannot demonstrate prejudice. Respondent's arguments are persuasive. The plea colloquy clearly demonstrates that Petitioner fully understood: 1) he was facing a term of four years; 2) the defense would be arguing to have Petitioner's strike stricken; and 3) Petitioner was

---

[4] "RT" refers to the Reporter's Transcript on Appeal.

8

1  not promised anything by anyone, other than what had been placed on the record. "Solemn
2  declarations made in open court carry a strong presumption of verity." Blackledge v. Allison,
3  431 U.S. 63, 74 (1977).  To overcome this presumption, Petitioner offers only his own bare
4  assertions.  Respondent correctly argues that this is simply insufficient.  Therefore, Petitioner
5  fails to demonstrate that counsel rendered ineffective assistance.

6      Respondent is also correct that Petitioner has failed to demonstrate prejudice.  Petitioner
7  does not aver that had counsel not misadvised him that the trial court would strike a prior, he
8  would have insisted instead on going to trial.  See Hill v. Lockhart, 474 U.S. 52, 60 (1985) (no
9  prejudice where "Petitioner did not allege in his habeas petition that, had counsel correctly
10 informed him about his parole eligibility date, he would have pleaded not guilty and insisted on
11 going to trial").

12      In sum, Petitioner fails to demonstrate that counsel rendered ineffective assistance or that
13 Petitioner suffered prejudice.  Petitioner fails to show that the state court rejection of his claim
14 was "contrary to, or involved an unreasonable application of," clearly established Federal law."
15 28 U.S.C. § 2254(d)(1).  The petition must be denied.

## CERTIFICATE OF APPEALABILITY

17      A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a
18 district court's denial of his petition, and an appeal is only allowed in certain circumstances.
19 Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003).  The controlling statute in determining
20 whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

21    (a) In a habeas corpus proceeding or a proceeding under section 2255 before a
   district judge, the final order shall be subject to review, on appeal, by the court
22    of appeals for the circuit in which the proceeding is held.

23    (b) There shall be no right of appeal from a final order in a proceeding to test the
   validity of a warrant to remove to another district or place for commitment or trial
24    a person charged with a criminal offense against the United States, or to test the
   validity of such person's detention pending removal proceedings.

25    (c)  (1) Unless a circuit justice or judge issues a certificate of appealability, an
26        appeal may not be taken to the court of appeals from–

27        (A) the final order in a habeas corpus proceeding in which the
           detention complained of arises out of process issued by a State
28        court; or

(B) the final order in a proceeding under section 2255.

(2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

(3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petitioner's petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 537 U.S. at 327; Slack v. McDaniel, 529 U.S. 473, 484 (2000). While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." Miller-El, 537 U.S. at 338.

In the present case, the Court finds that reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further. Petitioner has not made the required substantial showing of the denial of a constitutional right. Accordingly, the Court hereby DECLINES to issue a certificate of appealability.

**ORDER**

Accordingly, IT IS HEREBY ORDERED:

1) The petition for writ of habeas corpus is DENIED WITH PREJUDICE;

2) The Clerk of Court is DIRECTED to enter judgment; and

3) The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:     March 25, 2013                      /s/ **Barbara A. McAuliffe**
                                                           UNITED STATES MAGISTRATE JUDGE